In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00338-CV
_____

**W. BRYAN SIMS, Appellant**

**V.**

**STEPHANIE KEMMERLING, Appellee**

On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-191,821

**MEMORANDUM OPINION**

The trial court overruled objections to expert reports and denied a motion to dismiss filed by a health care provider. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (West Supp. 2012); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West 2011). In his first issue, W. Bryan Sims contends jurisdiction is proper in this Court. In his second issue, Sims argues the expert reports offered by Stephanie E. Kemmerling are wholly inadequate as to breach and causation.

1

Sims contends this case falls within the purview of Chapter 74 of the Civil Practice and Remedies Code because Kemmerling has brought a health care liability claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (West Supp. 2012). He seeks a dismissal with prejudice of all of Kemmerling's claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). Kemmerling agrees that her suit includes allegations of negligence that present a health care liability claim. But she contends her suit includes allegations of statutory sexual exploitation and common law battery that are not health care liability claims subject to the Texas Medical Liability Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001(a)(13), 81.002 (West 2011).

The accelerated appeal authorized by section 51.014(a)(9) provides for interlocutory appellate review of the trial court's denial of Sims's motion to dismiss Kemmerling's health care liability claim for failure to timely provide an expert report. Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(9), 74.351(b). An "expert report" for purposes of section 74.351(b) is a report that "provides a fair summary of the expert's opinions as of the date of the report regarding the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between the failure and the injury, harm, or damages claimed." Tex.

Civ. Prac. & Rem. Code Ann. §§ 74.351(b), (r)(6). Section 51.014(a)(9) grants this Court appellate jurisdiction to review the trial court's order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9).

In reviewing the trial court's decision regarding the adequacy of an expert report, an appellate court considers whether the trial court could reasonably determine that the report represents a good-faith effort (1) in informing the defendants of the specific conduct the plaintiff calls into question and (2) in providing a sufficient basis for the trial court to determine the claims have merit. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878-79 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a), (l). A report need not cover every alleged theory to make the defendant aware of the specific conduct the plaintiff calls into question. *Certified EMS, Inc. v. Potts*, No. 11-0517, 2013 WL 561471, at *4 (Tex. Feb. 15, 2013). A health care liability claim that contains at least one viable liability theory -- as evidenced by an expert report meeting the statutory requirements -- is not frivolous. *Id.* at *5.

Kemmerling supplied a report and a supplemental report by Cissi Wimberly Oloomi, a family nurse practitioner. In the report Oloomi states the standard of care requires an advance practice nurse to conform to the Texas Nurse Practice Act. According to Oloomi, the standards of care require that a nurse implement

3

measures to promote a safe environment for clients and maintain professional boundaries, but Sims violated the Texas Nurse Practice Act and breached the standard by engaging in sexual contact with Kemmerling. The standard of care requires that the nurse know the rationale for and the effect of medication and treatment, and properly manage a client's records, but Sims breached these standards by providing medication without adequate documentation or assessment, and without making appropriate notes in the clinical records. In Oloomi's opinion the standard of care prohibits a nurse from practicing outside the scope of practice for a nurse practitioner but Sims breached the standard by engaging in the treatment of mental health services without having been properly credentialed to make the diagnosis or treat the condition. According to Oloomi, Sims violated a Nursing Board Position Statement that nurses should not provide treatment to an individual with whom they have a close personal relationship; the standard of care required him to cease treating Kemmerling.

Kemmerling also provided a report and a supplemental report by Fred R. Bakht, M.D. Dr. Bakht agrees with and incorporates Nurse Oloomi's statements regarding the standard of care and its breach. "[N]othing in the health care liability statute prohibits an otherwise qualified physician from relying on a nurse's report in the formation of the physician's own opinion." *Kelly v. Rendon*, 255 S.W.3d

4

665, 676 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Dr. Bakht further states that "[t]he violations of boundaries by Nurse Sims and engaging in sexual contact between patient S.K. (including sexual intercourse) was inappropriate under various statutes and codes constituted unprofessional conduct." The experts' reports state that Sims should not have commenced an intimate relationship with a patient and that once he did so he should have ceased providing treatment to her.

In addition to the inappropriate personal relationship between the nurse and his patient, Oloomi describes breaches of the standard of care concerning Sims's decisions regarding Kemmerling's treatment. Dr. Bakht also discusses how Sims departed from the standard of care by attempting to treat a mental disorder without an appropriate evaluation. He does not detail how the failure caused harm to the patient, separate from the improper relationship, but a report need not cover every theory alleged by the plaintiff. The trial court may deny the motion to dismiss if the plaintiff provides a report that is adequate as to any of the theories alleged. *Potts*, 2013 WL 561471, at \*4.

The expert must link conclusions to the facts. *Jelinek v. Casas*, 328 S.W.3d 526, 539-40 (Tex. 2010) (citing *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999)). Dr. Bakht explains that but for the inappropriate crossing of professional boundaries, the sexual contact between Sims and Kemmerling would not have

occurred, and had the sexual conduct been avoided, to a reasonable degree of medical probability the feelings of shame and guilt, depression and eating disorders would not have occurred. According to Dr. Bakht, these conditions resulted in impairment of social and intellectual functioning in Kemmerling's relationships and daily life. He states that Kemmerling's injuries are a foreseeable consequence of the inappropriate relationship with a patient when the relationship ceases. Dr. Bakht's explanation of how and why Sims's breach of the standard of care caused injury to Kemmerling provides a sufficient basis for the trial court to determine that the claim has merit. *Jelinek*, 328 S.W.3d at 540; *Palacios*, 46 S.W.3d at 879; *see Potts*, 2013 WL 561471, at *5. The trial court's order denying the motion to dismiss is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on January 17, 2013
Opinion Delivered March 21, 2013

Before McKeithen, C.J., Gaultney and Kreger, JJ.

6